IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:21CR75-8 |
| | : | |
| v. | : | |
| | : | |
| JAQUAN TYREE WILLIAMS-CLARK | : | |
| also known as "Jay Jay" | : | |
| also known as "JJ" | : | |
| also known as "Psyxho Jay" | : | |
| also known as "Demon" | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant,, in his own person and through his attorney, Thomas K. Maher, Esq., and state as follows:

1. The defendant, JAQUAN TYREE WILLIAMS-CLARK, is presently under Indictment in case number 1:22CR75-8, which in Count One charges him with a violation of Title 18, United States Code, Section 1962(d), conspiracy to engage in acts of racketeering; which in Count Two charges him with a violation of Title 18, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute narcotics; which in Count Ten charges him with a violation of Title 18, United States Code, Sections 922(o) and 924(a)(2), unlawful possession of a machinegun; which in Count Eleven charges him with

1

a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), possession with the intent to distribute heroin; and which in Count Twelve charges him with a violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), and 2, possession of a machinegun in furtherance of a drug trafficking crime.

2. The defendant, JAQUAN TYREE WILLIAMS-CLARK, will enter a voluntary plea of guilty to Counts One and Ten of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, JAQUAN TYREE WILLIAMS-CLARK, understands, as to Count One of the Indictment herein, that the maximum punishment provided by law is imprisonment of not more than life, a fine not to exceed $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JAQUAN TYREE WILLIAMS-CLARK, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine

2

provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

  b. The defendant, JAQUAN TYREE WILLIAMS-CLARK, also understands that as to Count One of the Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, JAQUAN TYREE WILLIAMS-CLARK, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victims of the offense, or if any victim is deceased, to the victim's estate, pursuant to Title 18, United States Code, Section 3663A.

  d. The defendant, JAQUAN TYREE WILLIAMS-CLARK, understands that the maximum term of imprisonment provided by law for Count Ten of the Indictment herein is not more than ten years, and the maximum fine for Count Ten of the Indictment herein is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JAQUAN TYREE WILLIAMS-CLARK, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court

3

determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

      e.     The defendant, JAQUAN TYREE WILLIAMS-CLARK, also understands that, as to Count Ten of the Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

      f.     The defendant, JAQUAN TYREE WILLIAMS-CLARK, understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

g. The defendant, JAQUAN TYREE WILLIAMS-CLARK, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JAQUAN TYREE WILLIAMS-CLARK, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, JAQUAN TYREE WILLIAMS-CLARK, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts One and Ten of the Indictment herein, the defendant, JAQUAN TYREE WILLIAMS-CLARK, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JAQUAN TYREE WILLIAMS-CLARK, is going to plead guilty to Counts One and Ten of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, JAQUAN TYREE WILLIAMS-CLARK, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. The defendant, JAQUAN TYREE WILLIAMS-CLARK, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, JAQUAN TYREE WILLIAMS-CLARK, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

c. The defendant, JAQUAN TYREE WILLIAMS-CLARK, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, JAQUAN TYREE WILLIAMS-CLARK, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, JAQUAN TYREE WILLIAMS-CLARK, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

e. The defendant, JAQUAN TYREE WILLIAMS-CLARK, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, JAQUAN TYREE

7

WILLIAMS-CLARK, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

  f. In exchange for the government's agreement to dismiss Counts Two, Eleven and Twelve of the Indictment at sentencing, the defendant, JAQUAN TYREE WILLIAMS-CLARK, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, JAQUAN TYREE WILLIAMS-CLARK, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

  6. With regard to forfeiture, the United States and the defendant, JAQUAN TYREE WILLIAMS-CLARK, agree as follows:

a. The defendant, JAQUAN TYREE WILLIAMS-CLARK, knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963(a), Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c):

  i. any interest the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962;

  ii. any interest in; security of; claim against; or property or contractual right of any kind affording a source of influence over; any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

  iii. any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

  iv. any firearm or ammunition involved in or used in connection with the offense to which the defendant is pleading guilty.

9

b. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

c. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

d. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this

10

agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns.

e. The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

7. The defendant, JAQUAN TYREE WILLIAMS-CLARK, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, JAQUAN TYREE WILLIAMS-CLARK, agrees that his debt resulting from the criminal monetary penalties due under the

11

criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, JAQUAN TYREE WILLIAMS-CLARK, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, JAQUAN TYREE WILLIAMS-CLARK, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 19th day of August, 2022.

SANDRA J. HAIRSTON
United States Attorney

*/s/ John M. Alsup/*

JOHN M. ALSUP
NCSB #43386
Assistant United States Attorney
101 S. Edgeworth St., 4th Fl.
Greensboro, NC 27401
336/333-5351

*/s/ John M. Alsup for CT/*

CHRISTINA TAYLOR
MDSB #0606130048
Trial Attorney
Organized Crime and Gang Section
1301 New York Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 679-1034

*/s/ Thomas K. Maher/*

THOMAS K. MAHER, ESQ.
Attorney for Defendant

*/s/ Jaquan Williams-Clark/*

JAQUAN TYREE WILLIAMS-CLARK
Defendant

/S/ JGM